**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X

OSCAR MERCADO,

          **Petitioner,**

  - against -

JOHN LEMPKE, Superintendent, Five
Points Correctional Facility,

          **Respondent.**

------------------------------------------------------ X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 6|16|15

**OPINION AND ORDER**

**11 Civ. 6529 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   BACKGROUND

Oscar Mercado brings this pro se petition for habeas corpus under

section 2254, challenging his state court conviction following a jury trial in New

York County Court, Westchester County.[1]  In 2002, petitioner was found guilty of

---

[1]     *See* Petition for a Writ of Habeas Corpus ("Pet."). This is petitioner's
second such petition — the first was filed in 2007, and subsequently denied in
2011. *See Mercado v. Lempke*, No. 11 Civ. 6529, 2012 WL 4465580, at *3-4
(Aug. 6, 2012).  The rationale for permitting ostensibly successive petitions is
addressed below.  For now, the Court simply notes that the background related to
petitioner's underlying state conviction, as well as the convoluted presentation of
his habeas claims in federal court since then, has already been memorialized in
detail. *See id.* at *1-5.  In the interest of efficiency, it is summarized only briefly

two brutal incidents of sexual assault, and he was sentenced to an aggregate sentence of thirty years in prison.  After unsuccessfully appealing his conviction in state court, petitioner timely filed a habeas petition (the "2007 Petition") in the Southern District of New York, which was eventually denied by Judge Vincent Briccetti on December 7, 2011.[2]

In the interim between petitioner's filing of the 2007 Petition and its denial in 2011, he was resentenced on July 24, 2008 — per the Second Circuit's decision in *Earley v. Murray*[3] —  to add terms of post-release supervision to his sentence.[4]  After a series of appeals, petitioner's renewed sentence became final on February 22, 2011, when his petition for a writ of certiorari from the Supreme Court of the United States was denied.[5]

---

here.

[2]     *See Mercado v. Lempke*, No. 07 Civ. 9865, 2011 WL 6122290 (S.D.N.Y. Dec. 7, 2011).

[3]     451 F.3d 71 (2d Cir. 2006) (holding that it was a violation of Due Process for the New York Department of Corrections to impose, of its own accord, terms of post-release supervision not authorized by the sentencing judge).

[4]     For background on the *Earley* case, and the remedies it has generated, see *Betances v. Fisher*, 304 F.R.D. 416, 421 (S.D.N.Y. 2015) (explaining that *Earley* requires, *inter alia*, that convicted persons be "resentenc[ed] before a judge").

[5]     *See Mercado v. Lempke*, 2012 WL 4465580, at *2.  *See also Mercado v. New York*, 131 S.Ct. 1485 (2011).

On September 13, 2011, petitioner filed the instant petition (the "2011 Petition"), which the Government moved to dismiss as successive, insofar as it "attacks the same judgment" challenged in the 2007 Petition.[6]  On September 27, 2012, Judge Edgardo Ramos — adopting the Report and Recommendation of Magistrate Judge Lisa Smith — denied the Government's motion.[7]  Relying on the Supreme Court's holding in *Magwood v. Patterson*,[8] Judge Smith reasoned that petitioner's re-sentencing in 2008 qualified as a new judgment for the purposes of section 2254, effectively resetting the habeas clock.[9]

This Opinion addresses the merits of the 2011 Petition, in which petitioner raises six constitutional claims.  *First*, the imposition of post-release supervision (per *Earley*) violated the *Ex Post Facto* Clause.[10]  *Second*, the trial court's "determination of facts" violated a number of constitutional provisions.[11]  *Third*, petitioner's sentence is disproportionate to the crime committed, in violation

---

[6]     *Mercado v. Lempke*, 2012 WL 4465580, at *4.

[7]     *See Mercado v. Lempke*, No. 11 Civ. 6529, 2012 WL 4465860 (S.D.N.Y. Sept. 27, 2012).

[8]     *See* 561 U.S. 320 (2010).

[9]     *See Mercado v. Lempke*, 2012 WL 4465580, at *6-8.

[10]    *See* Pet. at 4.

[11]    *Id.*

-3-

of the Eighth Amendment.[12]  *Fourth*, the New York statute governing petitioner's sentence — Penal Law § 70.85 — deprives convicted persons (including petitioner) of equal protection of the laws.[13]  *Fifth*, petitioner received ineffective assistance of appellate counsel, in abrogation of his Sixth Amendment rights.[14]  *Sixth*, the state court's "abuse of discretion" violated petitioner's rights.[15]

In response, the Government makes two arguments.  *First*, the Government argues that all of petitioner's federal constitutional claims are either procedurally barred or lacking in merit, or both.[16]  *Second*, the Government asks the Court to reconsider its previous ruling as to the "successive" nature of the 2011 Petition.[17]  In its opposition brief, the Government spends a considerable amount of space arguing, in effect, that under the standard set forth in *Magwood*, and clarified by the Second Circuit in *Johnson v. United States*,[18] only petitions that "challenge

---

[12]     *See id.*

[13]     *See id.*

[14]     *See id.*

[15]     *Id.*

[16]     *See* Respondent's Memorandum of Law in Opposition to the Petition for Writ of Habeas Corpus ("Opp. Mem.").

[17]     *See id.* at 2-12.

[18]     *See* 623 F.3d 41 (2d Cir. 2010).

new judgments" are exempt from the prohibition on successive petitions[19] — and that petitioner's 2008 resentencing does not qualify as a new judgment, because it served only to rectify a ministerial error.

## II.   APPLICABLE LAW

### A.   Deferential Standard for Federal Habeas Review

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  The AEDPA provides that a federal court may not grant a writ of habeas corpus to a prisoner in custody pursuant to the judgment of a state court with respect to any claim, unless the state court's adjudication on the merits of the claim: "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"[20] or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[21]

A state-court decision is contrary to clearly established federal law, as determined by the Supreme Court, in the following two instances:

---

[19]     Opp. Mem. at 4 (internal citations omitted).

[20]     28 U.S.C. § 2254(d)(1).

[21]     *Id.* § 2254(d)(2).

First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.[22]

With regard to the "unreasonable application" prong, the Supreme Court has stated:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.[23]

In order for a federal court to find a state court's application of Supreme Court precedent to be unreasonable, the state court's decision must have been more than incorrect or erroneous. Rather, "[t]he state court's application of clearly established law must be *objectively unreasonable*."[24] This standard "'falls

---

[22]     *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[23]     *Id.* at 407.

[24]     *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (emphasis added). *Accord Renico v. Lett*, 559 U.S. 766, 773 (2010) (stating that "[t]his distinction creates 'a substantially higher threshold' for obtaining relief than *de novo* review")

somewhere between merely erroneous and unreasonable to all reasonable jurists.'"[25]  While the test requires "'[s]ome increment of incorrectness beyond error, . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'"[26]  Furthermore, section 2254(d) applies to a defendant's habeas petition even where the state court order does not include an explanation of its reasoning.[27]

        Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.  This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for [section] 2254(d) applies when a "claim," not a component of one, has been adjudicated.[28]

-------

(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *Williams*, 529 U.S. at 409; *Harris v. Kuhlman*, 346 F.3d 330, 344 (2d Cir. 2003).

    [25]    *Overton v. Newton*, 295 F.3d 270, 276 (2d Cir. 2002) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)).

    [26]    *Francis v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (quoting *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 889 (3d Cir. 1999)).

    [27]    *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

    [28]    *Id.* (citing, *inter alia*, *Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir. 2001) ("[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision

Section 2254(d) also applies where a state court does not explicitly state in its opinion that it is adjudicating a claim on the merits.[29]  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[30]

The deferential standard of review created by the AEDPA also extends to state-court factual determinations.  Such determinations are presumed to be correct, and the petitioner must rebut them by clear and convincing evidence.[31]

### B.    Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and (2) that he suffered prejudice as a result of that representation.[32]  Both elements must be proven by the petitioner to assert a valid claim.  When considering the first factor, a court must

---

was an unreasonable application of clearly established Supreme Court precedent." (quotation marks and citation omitted))).

[29]    *See id.*

[30]    *Id.* at 99.

[31]    *See* 28 U.S.C. § 2254(e)(1).

[32]    *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984).

apply a "strong presumption" that counsel's representation fell within the "wide range" of reasonable professional assistance.[33]  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[34]

"Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an adverse effect on the defense."[35]  Thus, to establish prejudice

> [t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.[36]

In other words, "[i]t is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'"[37]

---

[33]     *Id.* at 689.  *Accord Bell v. Cone*, 535 U.S. 685, 697-98 (2002).

[34]     *Strickland*, 466 U.S. at 690.  *Accord Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices.") (quoting *Strickland*, 466 U.S. at 690).

[35]     *Strickland*, 466 U.S. at 693.

[36]     *Id.* at 694.

[37]     *Harrington v. Richter*, 582 U.S. 86, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 693).

Finally, the order of analysis of the two *Strickland* prongs – performance and prejudice – is at the discretion of the court.  As explained by the Supreme Court:

> [T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.[38]

Accordingly, if a court finds that there is no prejudice, it need not reach the performance prong.

## IV.   DISCUSSION

All issues presented in the 2011 Petition, save for one, have been resolved by previous decisions.  Those decisions are law of the case.  Accordingly, they will be briefly summarized here — but not revisited.

### A.   Issues Already Resolved

To begin, I will not reexamine Judge Ramos's September 27, 2012 opinion, declining to bar the 2011 Petition as successive.  Although the

---

[38]    *Strickland*, 466 U.S. at 697.

Government marshals some powerful arguments in support of its construction of

*Magwood* and *Johnson*,[39] its papers also contain a glaring omission — nowhere

does the Government explain why it failed to object to Magistrate Judge Smith's

Report and Recommendation, or to timely move for reconsideration of Judge

Ramos's decision to adopt that Report and Recommendation.  These procedural

lapses cannot be ignored.  There was a proper time for the Government to raise the

arguments included in its opposition papers — but that time has passed.

---

[39]       *Magwood* held — and *Johnson* confirmed — that "the existence of *a new judgment* is dispositive" when determining if a subsequent habeas petition is "successive" of the first.  *Magwood*, 561 U.S. at 323 (emphasis added).  *Accord Johnson*, 623 F.3d at 45-46.  According to the government, that condition is not satisfied here, because petitioner's resentencing was only meant — in the words of the New York Court of Appeals — to rectify "a procedural error, akin to a misstatement or clerical error."  *People v. Sparber*, 10 N.Y.3d 457, 472 (2008).  Indeed, the Court of Appeals made it explicitly clear that during the kind of resentencing to which petitioner was subject — "*Sparber* resentencing" — a "sentencing judge is [not] supposed to do anything . . . other than correct the discrete error prompting the resentencing in the first place."  *People v. Lingle*, 16 N.Y.3d 621, 634 (2011).  Indeed, it went on to explain that at a *Sparber* resentencing, the "trial court *lacks discretion* to reconsider the incarceratory component of a defendant's sentence," and that its review must be limited to the sole question of whether "a Sparber error [occurred]."  *Id.* at 635 (emphasis added).  The Government interprets this admonition from the Court of Appeals to mean that a *Sparber* resentencing does not qualify as a new judgment within the meaning of *Magwood* and *Johnson*.  Were the question presented *de novo*, I would be inclined to agree with the Government.  A *Sparber* resentencing only yields a "new judgment" in the barest sense of the term.  This anomalous creature of state law, designed to cure a specific constitutional problem brought on by the New York Department of Corrections, is hardly the sort of proceeding with which the *Magwood* Court was concerned.  Nonetheless, Magistrate Judge Smith and Judge Ramos both saw the matter differently.  I accept their decisions as law of the case.

Accordingly, the 2011 Petition is not successive.  It will be entertained on the merits.

Secondly, five of petitioner's six federal constitutional claims were already address in the 2007 Petition, when he moved for leave to amend in 2010.[40] In the opinion denying that motion, Magistrate Judge Paul E. Davison determined, *inter alia*, that it would be futile to amend the petition because petitioner's proposed claims — related to his 2008 resentencing — were uniformly meritless.[41] Specifically, Magistrate Judge Davison held that the state statutory scheme under which petitioner was sentenced raised no constitutional concerns,[42] and that petitioner's specific sentence was not "excessive."[43]  Together, these two holdings

---

[40]    *See* Motion for Leave to Amend, No. 07 Civ. 9865 (Dkt. No. 44).

[41]    *See* Memorandum Opinion and Order ("Davison Opinion"), No. 07 Civ. 9865 (Dkt. No. 47).

[42]    *Id.* at 6.  *Accord United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) ("[T]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences.") (internal citations omitted).  Included in this general category is Magistrate Judge Davison's conclusion that the scheme under which petitioner was sentenced did not violate the *Ex Post Facto* Clause, because the resentencing procedures enacted in 2008 to cure the constitutional problem identified in *Earley* did not alter the *content* of available penalties, which were codified in 1998, and thus "already in effect at the time of [petitioner's] crime." Davison Opinion at 10.

[43]    Davison Opinion at 6 (explaining that "[i]t is well-settled that no federal constitutional issue is presented where . . . [a] sentence is within the range prescribed by state law," and that as a matter of course, the claim that a "sentencing

-12-

dispose of the first, second, third, fourth, and sixth claims set forth in the 2011 Petition.  Accordingly, even assuming, *arguendo*, that all five claims were properly exhausted and are not procedurally barred, they have already been foreclosed on the merits.

### B.    Ineffective Assistance of Appellate Counsel

The final claim presented in the 2011 Petition — and the only novel claim before the Court now — is ineffective assistance of appellate counsel in connection with the appeal of petitioner's resentencing in 2009.[44]  This claim was exhausted at the state level when, in 2012, petitioner applied to the Appellate Department, Second Department, for a writ of error *coram nobis*.[45]  On May 8, 2012, the Appellate Division denied that application,[46] and the New York Court of Appeals subsequently affirmed that result.[47]  Because petitioner's application for a writ of error *coram nobis* was rejected on the merits — not on independent state

---

court, in the interest of justice, should have reduced [a petitioner's] sentence . . . is not cognizable upon federal habeas review").

[44]    To the extent that petitioner seeks to challenge his representation during the original merits appeal in 2003 — which is unclear from the face of his petition and his papers — that claim is deemed exhausted and procedurally barred.

[45]    *See* Notice of Motion for Writ of Error Coram Nobis, Exhibit ("Ex.") 13 to Opp. Mem.

[46]    *See People v. Mercado*, 95 A.D.3d 1038 (2d Dep't 2012).

[47]    *See People v. Mercado*, 19 N.Y.3d 999 (2012).

law grounds — his ineffective assistance of counsel claim is not procedurally

barred.[48]   Accordingly, I proceed to merits review.   Under the deferential standard

set forth in section 2254, the state court's determination shall be affirmed unless it

"was contrary to, or involved an unreasonable application of, clearly established

Federal law."[49]

        Here, that hurdle is easily cleared.   In essence, petitioner contends

that his counsel should have raised a number of constitutional arguments — many

of which overlap with the claims set out in the 2011 Petition — during state

appellate proceedings.   Needless to say, however, a lawyer is not obliged to raise

every conceivable argument that supports her client's position.   This is especially

so in the context of frivolous arguments, but it also holds true in the context of

*nonfrivolous* arguments — even nonfrivolous arguments that are explicitly

requested by defendant.[50]   Put simply, lawyers must be given latitude to exercise

---

     [48]    *See, e.g.*, *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (explaining that an issue of federal law is "procedurally barred" if it was "decided by a state court . . . on a state law ground that is independent of the federal question and adequate to support the judgment") (internal citations omitted).   The Government does not dispute that petitioner's ineffective assistance claim was disposed of on the merits of the federal question below — and may be addressed on the merits of the federal question here.

     [49]    28 U.S.C. § 2254(d)(1).

     [50]    *See Jones v. Barnes*, 463 U.S. 745 (1983).

-14-

professional judgment.  For judges to "second-guess [that] judgment[] and impose
on appointed counsel a duty to raise every colorable claim suggested by a client
would disserve the very goal of vigorous and effective advocacy" that the Sixth
Amendment safeguards.[51]  That is why "[s]trategic choices made after thorough
investigation of law and facts relevant to plausible options are virtually
unchallengeable" on constitutional grounds.[52]

  The question, then, is whether any strategic decision made by
petitioner's appellate counsel was so egregious as to flout "objective standard[s] of
reasonableness," given "prevailing professional norms."[53]  The answer is plainly
no.  Even assuming, *arguendo*, that petitioner's appellate counsel *should have*
raised the arguments invoked in the 2011 Petition — a proposition that petitioner
has failed to establish — it is unclear that his appellate counsel *could have* done so.
After a *Sparber* resentencing, New York law limits appeals to issues concerning

---

[51]  *Id.* at 754.

[52]  *Strickland*, 466 U.S. at 690.  *Accord Henderson*, 13 F.3d at 533 ("In
assessing the attorney's performance, a reviewing court must judge his conduct on
the basis of the facts of the particular case, viewed as of the time of counsel's
conduct, and may not use hindsight to second-guess his strategy choices.")
(internal citations omitted).

[53]  *Strickland*, 466 U.S. at 687-88, 693-94.

the resentence, *not* the underlying conviction.[54]  Petitioner repeatedly argues that

his appellate counsel should have challenged petitioner's underlying conviction,

not just his resentencing.  But it was the New York legislature and the Court of

Appeals that made that decision — not petitioner's appellate counsel.  The court

ordered petitioner's appellate counsel to direct his arguments exclusively to issues

related to the resentencing.[55]  By adhering to that order, petitioner's lawyer did not

violate his duty as counsel.  He vindicated that duty.  Accordingly, petitioner's

ineffective assistance claim is without merit, and there is no basis to contravene the

state court's decision to that effect.

## V.    CONCLUSION

For the foregoing reasons, the Petition is denied.  The remaining issue

is whether to grant a certificate of appealability ("COA").  For a COA to issue, a

petitioner must make a "substantial showing of the denial of a constitutional

---

[54]    *See* New York Criminal Procedure Law § 450.30(3) ("[W]hen a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence.").  This provision was held by the state court to apply to petitioner's post-resentence appeal.  *See* Affirmation of Thomas T. Keating in Response to Petitioner's Application for Writ of *Coram Nobis* ("Keating Aff."), Ex. 15 to Opp. Mem.  *See also Lingle*, 16 N.Y.3d at 635 (limiting a defendant's right of appeal after a Sparber resentencing "to the correction of errors or abuse of discretion at the resentencing proceeding").

[55]    *See* Keating Aff.

-16-

right."[56]  A "substantial showing" does not require a petitioner to show that he

would prevail on the merits, but merely that reasonable jurists could disagree as to

whether "the petition should have been resolved in a different manner or [whether]

the issues presented were 'adequate to deserve encouragement to proceed

further.'"[57]  Petitioner has made no showing.  Thus, I decline to grant a COA.  The

Clerk of the Court is directed to close this Petition and this case.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.


Dated:       New York, New York
             June 16, 2015

---

[56]    28 U.S.C. § 2253(c)(2).

[57]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v.
Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)).
*Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*,
396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not
debate whether the district court's dismissal of the petition was correct).

-17-

**- Appearances -**

**Petitioner (Pro Se):**

Oscar Mercado
02-A-6109
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

**For Respondent:**

John M. Collins, Esq.
Camacho Mauro Mulholland, LLP
350 Fifth Avenue
Suite 5101
New York, NY 10118
(914) 522-7929

John J. Sergi
Assistant District Attorney
Westchester County
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10601
(914) 995-4457